IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## STATE OF TENNESSEE v. EFREM IRA McCORY, aka EFREM HAMPTON

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-375    Donald H. Allen, Judge**

_____

**No. W2006-00034-CCA-R3-CD  - Filed January 5, 2007**

_____

Following a revocation hearing, the trial court revoked the probation of Defendant, Efrem Ira McCory, and ordered him to serve his two-year sentence in confinement. In his appeal, Defendant argues that the trial court abused its discretion in revoking his probation. After a review of this matter, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

George Morton Googe, District Public Defender; and Gregory D. Gookin, Assistant Public Defender, for the appellant, Efrem Ira McCory, aka Efrem Hampton.

Robert E. Cooper, Jr., Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On February 12, 2003, Defendant pled guilty to possession of marijuana with intent to sell, a Class E felony. He was sentenced as a Range I, standard offender to two years, all suspended, and placed on intensive supervised probation. As part of the terms of his probation, Defendant agreed to pay his fines and court costs at the rate of $100 per month, beginning May 1, 2003; submit to random drug screens; obtain an alcohol and drug assessment; and maintain full-time employment.

On February 9, 2005, a probation violation warrant was issued alleging that Defendant had failed to pay his fines and court costs as instructed by the court. A probation revocation hearing was held on December 5, 2005, at which Defendant testified that he had been working for a few months at Quality Industry in Nashville but had lost that job. He said that he had been unable to save any

money from his employment because he lived at two different places, explaining that he had an apartment in Nashville while his wife, mother, and five children lived in Mississippi. Defendant admitted that he had not paid his fines and court costs and still owed approximately $2,523.50. Defendant also admitted that he had not worked during the two years he had been on probation and only started working about three months prior to the hearing. Defendant's probation officer informed the trial court that Defendant had not made any payments toward his fines and costs. At the conclusion of the hearing, the trial court revoked Defendant's probation, finding that he had failed to pay his court costs and fines as instructed and failed to maintain full-time employment.

Defendant argues that the trial court erred in revoking his probation because he "was willing to have his probation extended in order to begin making payments." He also argues that the trial court "seemed to base its revocation decision on the fact that [Defendant] had not worked in approximately two years, which was not alleged as a violation in the warrant issued against [Defendant]."

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). The trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement. *See State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999).

Based on our review, we conclude that the record supports the trial court's finding that Defendant violated the terms of his probation, and we, therefore, find no abuse of discretion. The trial court was within its discretion to revoke Defendant's probation and had the statutory authority to order Defendant to serve his entire sentence in confinement.

## CONCLUSION

After review, we affirm the judgment of the trial court revoking Defendant's probation and ordering him to serve his sentence in confinement.

_____
THOMAS T. WOODALL, JUDGE